*705 OPINION.
Phillips:
The parties are agreed that the effect of the entries made by the petitioner was to deduct excise taxes paid on purchases in the year in which such purchases were made, whether or not the goods were sold in that year, while the effect of the adjustments made by the Commissioner is to refuse such deduction in that year and treat such tax as a part of the cost of the goods, allowable as a deduction when the goods are sold. The question presented for our decision is whether such excise taxes are a tax upon this petitioner, deductible as such in the year paid, or are to be considered as cost of goods.
The taxes in question were authorized by section 900 of the Revenue Act of 1918 reading in part:
That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased— * * * (4) * * * talking machines, music boxes, and records used in connection with any musical instrument * * * 5 per centum: * * * (10) Firearms, shells, and cartridges * * * 10 per centum * * *.
The statute levies an excise tax to be paid as an incident to the sale of the article by the manufacturer. Either directly or indirectly *706 the tax is no doubt included in the price which the purchaser pays but it seems clear that the tax is not one imposed upon the purchaser., There is nothing in the law which requires that it be paid by the purchaser or collected by the manufacturer who sells, and if, through ignorance or misunderstanding of the law or for any other reason, the manufacturer fails to add the tax in computing the selling price, it is he and not the purchaser who has incurred liability for its payment. It is our opinion that whether the tax is added directly or indirectly to the price which would otherwise be paid, it constitutes a part of the cost to the purchaser of the articles purchased and is not a tax paid by the purchaser. R. C. Musser, 3 B. T. A. 498; George E. Hamilton, 6 B. T. A. 240.
Petitioner bases its claim upon article 132 of Regulations 45 and 62. Inasmuch as there is no tax, as such, paid by it, that article of the Commissioner’s regulations has no application to the situation here presented.
We have heretofore held in circumstances such as are presented hej'e that the cost of a building erected by a corporation upon land owned by its principal stockholder should be depreciated over its expected useful life. Sentinel Publishing Co., 2 B. T. A. 1211; Thatcher Medicine Co., 3 B. T. A. 154; William Scholes & Sons, Inc., 3 B. T. A. 598. Counsel seeks to distinguish these decisions from the instant case upon the ground that in each of those cases the taxpayer had a reasonable assurance that it could continue to occupy the premises for an indefinite period. The situation presented in this case, however, seems to be no different in substance, for while the owner reserved the right to terminate the lease at any time he should sell the property, there is nothing to indicate that there was any prospect in the taxable year of an immediate sale by him, and the evidence discloses that the property continued to be occupied by the petitioner in 1927. See Geo. H. Bowman Co., 7 B. T. A. 399.
The respondent contended that he had erred in allowing a deduction for depreciation or exhaustion based on a five-year period. There is nothing in the evidence upon which we may fix a proper deduction at any other amount than that determined by the Commissioner.
The deficiency should be recomputed in accordance with the error admitted by increasing invested capital for each of the taxable years by $53,085.27.

Decision will be rendered on IS days' notice, under Rule SO.

Considered by Maequette and Millielen.